## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### SINCLAIR AND OTHERS V. SINCLAIR AND OTHERS.

#### April 3, 1884.

1. LIENS AND PRIORITIES—*Judgments.*—A judgment creditor can acquire no better right to his debtor's estate than the latter himself has, and applies it to satisfy his lien subject to all equities existing at the time in favor of third persons. *Cowardin* v. *Anderson,* 78 Va. R. 88.

2. RESULTING TRUSTS—*Parol Evidence.*—Where one with another's money buys an estate, and takes the conveyance in his own name, by presumption of law, a trust results in favor of him whose money is thus used. Such trust may be established by parol proof, but the proof must be clear. *Kane* v. *O'Conners,* 78 Va. R. 76.

3. IDEM—*Charge pro tanto—Judgment Lienors.*—If part only of the purchase money has been paid of another's funds the land will be charged proportionately, and judgment creditors of the grantee can subject only his portion or interest therein. *Briscoe* v. *Ashby,* 24 Gratt. 454.

Appeal from decree of circuit court of Gloucester county, entered 29th November, 1876, in the cause of Robert N., John W., Henry F., and Edward Sinclair, against John Sinclair, Jr., and others, his judgment creditors.

The appellants filed their bill in the court below, alleging that a short while before the war, and during their infancy, their father, John Sinclair, Jr., purchased certain real estate in the county of Gloucester, and took the conveyance in his own name; that the whole or the greater part of the money paid for the land was theirs, and had been received by their father on account of their interest in the estate of their deceased grandfather. And they insisted that in a court of equity they were entitled to the land, or if not, then to a lien thereon, for what was due them by their father on account of their money used in its purchase. It was further alleged that the said John Sinclair, Jr., was insolvent, and that after the purchase of the land

various judgments had been recovered against him, which were claimed to be liens thereon. And the prayer of the bill was that the said John Sinclair, Jr., and his judgment creditors be made parties defendant, and required to answer the bill, and that the land be decreed to be conveyed to the plaintiffs, or that it be sold and their debt paid out of the proceeds. John Sinclair, Jr., answered the bill, and referred to his deposition in the cause as containing the facts connected with the transaction in question, so far as he was able to give them. Certain of the judgment creditors also answered. They neither admitted nor denied the truth of the allegations of the bill, but called for strict proof thereof. Two witnesses only were examined—A. S. Trivelian, the vendor of the land, and John Sinclair, Jr. The former testified as to the sale and the payment on account thereof, but not as to the source from which the purchase money was derived, or to whom it belonged. The latter testified that in paying for the property, and afterwards improving it, he used in all about $1,800 of the plaintiffs' money, which he had received for them from their grandfather's estate, as alleged in the bill. The cause coming on to be heard, the circuit court decreed that the property was first liable to the satisfaction of the judgment liens, and from that decree the plaintiffs appealed.

*John B. Donavan,* for the appellants.

*M. B. Seawell,* for the appellees.

LEWIS, P., delivered the opinion of the court:

In *Cowardin* v. *Anderson,* 78 Va. R. 88, we said: "It is well established by the repeated decisions of this court, that a judgment creditor can acquire no better right to his debtor's estate than the latter himself has. The creditor takes the property or applies it to the satisfaction of his lien in subordination to all the equities which exist at the time in favor of third persons,

and a court of chancery will limit the lien of the judgment to the actual interest the debtor has. The creditor is in no just sense treated as a purchaser, and has no equity whatever beyond what justly belongs to the debtor. *Floyd* v. *Harding*, 28 Gratt. 401; *Borst* v. *Nalle*, Id. 423; *Summers* v. *Darne*, 31 Id. 791." Hence, if the allegations of the bill are established by the proofs, the right of the plaintiffs to satisfaction out of the land in question is superior to the claims of the judgment creditors, and the circuit court ought to have so decreed. For there is no better established rule in equity than that, "if one person buys an estate with the money of another, and takes the conveyance in his own name, a trust results by presumption of law in favor of him with whose money the purchase was made. And in such cases the trust may be established by parol proof; but to guard against the danger of perjury and for the security of titles, the proof is required to be clear and distinct." *Kane* v. *O'Conners*, 78 Va. R. 76; Sugden on Vendors, 443; *Bank of U. S.* v. *Carrington*, 7 Leigh, 566; *Boyd* v. *McLean*, 1 Johns. Ch'y, 584; *Botsford* v. *Burr*, 2 Id. 405; *Phelps* v. *Seely*, 22 Gratt. 573; *Borst* v. *Nalle*, 28 Id. 423; *Miller* v. *Blose*, 30 Id. 745. And if part only of the purchase money has been advanced, the land will be charged *pro tanto*. *Botsford* v. *Burr, supra ; Morey* v. *Herrick*, 18 Penn. St. 129; *Kane* v. *O'Conners, supra*.

In the present case the allegations of the bill are not denied in the answers, but proof of them is required. And in support of them, John Sinclair, Jr., testifies, as already stated, that of the sums laid out in the purchase and improvement of the property, about $1,800, was the money of the plaintiffs. This statement is not only uncontradicted, but no attempt to contradict was made. It follows, therefore, that it must be taken as true, and that to that extent the allegations of the bill are established. The decree must, therefore, be reversed, and the cause remanded to be proceeded in in conformity with the views herein expressed.

DECREE REVERSED.