## Staunton.

WOODWARD AND WIFE V. SIBERT AND ALS.

OCTOBER 7th, 1886.

RESULTING TRUSTS—*Parol evidence—Case at bar.*—Where the trust does not arise upon the face of the deed, but is raised upon the payment of the purchase money that creates a trust that is to override the deed, the proof must be very clear; and mere parol evidence ought to be received with great caution. The evidence in the case here does not meet the requirements of this rule.

Appeal from decree of circuit court of Rockingham county, rendered April 17, 1885, in the cause of Catherine Sibert against Mary B. Brown, Mary A. Woodward, and Samuel M. her husband.

In 1859 John Sibert sold and conveyed to John Koontz a tract of land situate near Bridgewater, in Rockingham county, containing about one hundred and twenty-four acres. In 1862 the land was sold and conveyed by Koontz to Bernard S. and Mary B. Brown. At that time there was due by Koontz to Sibert a balance of purchase money amounting to about $3,700, which the Browns assumed to pay as part consideration of their purchase.

On the 13th of June, 1865, they executed and delivered their joint note, payable at the direction of Sibert to Catherine E., his wife, for $3,390.37, being for balance of purchase money then due by them to Sibert. This note was drawn and signed by Bernard S. Brown, acting for himself and as the agent of

his mother, the said Mary B. Brown, and upon it a judgment was obtained by Catherine Sibert against Mary B. Brown at the September term, 1874, of the circuit court of Rockingham county, the said Bernard S. Brown having in the meantime died.

In 1861, Allen W. Brown, a citizen of Rockingham, departed this life intestate, leaving a widow, the said Mary B. Brown, and two children, the said Bernard S. Brown and Mary A. Brown, his heirs-at-law. Shortly thereafter the widow and son qualified as his administratrix and administrator, and took possession of the entire estate, which consisted chiefly of personalty of considerable value.

The object of the present suit was to subject the undivided interest of Mary B. Brown in the land aforesaid to the satisfaction of the said judgment in favor of the plaintiff, Catherine Sibert. And to the bill the said Mary B. and Mary A. Brown were made parties defendant.

The defendants answered, denying that the said Mary B. Brown owed the debt mentioned in the bill, or that the note upon which the judgment was obtained was given for purchase money due on the land to Sibert. They averred that the land was fully paid for with assets of the estate of Allen W. Brown, and consequently was a part of that estate, and hence not subject to the lien of the plaintiff's judgment. They also averred that under and by virtue of a decree of the circuit court of Rockingham county, in a certain chancery suit therein pending, styled Brown against Brown's administratrix and others, the land had been set apart and conveyed, in 1878, to the said Mary A. Brown as a part of her interest in the estate of her deceased father, the said Allen W. Brown.

In the progress of the cause the defendant, Mary B. Brown, also filed a cross-bill, charging that the consideration for the note upon which the judgment had been obtained was a debt

due to John Sibert by one Philip Phares, to which cross-bill the plaintiff filed an answer denying its allegations.

Testimony was taken, and at the hearing a decree was entered, declaring that the defendant, Mary B. Brown, was entitled to an undivided half interest in the land in question, and directing it to be sold to satisfy the plaintiff's judgment; from which decree this appeal was taken.

*G. W. Berlin,* for the appellants.

Having discussed the facts assigned the subjoined as errors in the decree appealed from:

1st. The court erred in deciding that Catherine Sibert was not a party to the chancery suit of Mary A. Brown against A. W. Brown's administratrix, &c., or that it was necessary to make her a party to such suit for partition.

2d. The court erred in holding and deciding that said judgment could not be assailed by the appellants, although they were no parties to the suit in which it was rendered.

3d. The court erred in not treating said note for $3,390.37, as having its origin in a contract entered into with reference to Confederate treasury notes as a standard of value and scaled accordingly.

4th. The court erred in deciding that Mary B. Brown owned an undivided half interest in fee simple in said farm at the date of said judgment, when, in truth and in fact, according to law, she was only a trustee thereof, holding it in trust as assets of A. W. Brown's estate, for the payment of his creditors and heirs and distributees; she having used the assets of that estate in paying for said land.

5th. The court erred in deciding that the deed from G. W. Berlin, commissioner, to the appellant, Mary A., was void as to the judgment aforesaid, because the premises or supposed

fact upon which that decision is based, is erroneous, as Mrs. Sibert was a party to that suit. And, further, she was not required to be a party to that suit in order to make the decrees and conveyances in said suit valid, as it was a suit for a settlement of an estate in which the law did not require every lien creditor of every heir, or devisee, or distributee, or legatee, to be made a party to the suit for settlement and partition between the distributees, &c. The establishment of such a principle would vitiate half the decrees for partitions that were ever made.

6th. The court erred in holding any of said farm liable for the payment of said judgment and decreeing a sale of any part of it for that purpose.

And as authorities for the fourth assignment the following are cited: 1 Perry on Trusts, section 127, page 141, and section 128; 2 Lomax on Executors, 727, and the authorities there cited; 4 Munf. 222; *Redwood* v. *Ridick*, 2 P. & H. 26; *Leake* v. *Leake*, 75 Va. 793; *Laws* v. *Law*, 76 Va. 527.

*W. B. Compton*, for the appellees.

Lewis, P. (after stating the case), delivered the opinion.

The case lies within a narrow compass, and may be briefly disposed of. The question is, whether the defendant, Mary B. Brown, has a beneficial interest in the land decreed to be sold, which is subject to the lien of the plaintiff's judgment; and we are of opinion that she has.

The appellants contend that although the deed from Koontz conveyed the land to Bernard S. and Mary B. Brown absolutely, yet the land was fully paid for with assets of the estate of their intestate, and, consequently, was held by them upon a resulting trust for that estate. But this position is not sup-

ported by the proofs in the record. Indeed, the evidence shows the contrary. It shows that when the land was purchased, in 1862, there was a balance due upon it by Koontz to Sibert, which the Browns in a written contract assumed to pay; and this is not disputed. It also shows that for this balance the Browns executed their bond or bonds to Sibert, who thereupon surrendered Koontz's notes held by him for the debt thus assumed. It appears that the deed from Sibert to Koontz was destroyed during the war, and it does not appear whether a lien for the purchase money was reserved in the deed, or whether other security for its payment was taken or not; nor is it material to the purposes of the present case. It is certain that a balance was due by Koontz on the land, and that the payment of this balance was assumed by the Browns.

Hence, if the debt thus assumed has not been paid, it follows that to that extent at least the land has not been paid for, and no question as to a resulting trust arises in the case.

The simple question, then, is whether the Sibert debt was the consideration for the note upon which the judgment was obtained. And, so far as the defendant, Mary B. Brown, is concerned, that question is no longer an open one; for in the bill of exceptions taken by her in the progress of the trial of the action at law in which the judgment was recovered, it is certified as one of the facts proven, that such was the consideration upon which the note was founded; and, undoubtedly, she is now concluded by the record in that case. Besides, the fact is established by the proofs in the present case.

The evidence for the plaintiff is positive and unequivocal that the note was given in lieu of a bond previously executed by the Browns to Sibert for the purchase money due by Koontz, and was made payable to the plaintiff at Sibert's direction. The testimony of the witness, Mrs. Alpha Hite, is very emphatic on this point. She testifies that she saw *and read* the bond in

lieu of which the note was given, and that the note was delivered to the plaintiff, on the day of its date, by Bernard S. Brown in the presence of John Sibert and herself.

There is an entire absence of proof to show that there was ever any other joint transaction between the Browns and John Sibert, or the plaintiff, Catherine Sibert, than that relating to the debt due by Koontz. And it is not probable that if the note had been given for a consideration other than that debt, the defendants would be unable to prove it.

It is certainly not shown by the evidence in this case, although much testimony was taken by the defendants. And it is hardly necessary to say that the burden is upon them to clearly show the fact if such exists; or, in other words, to establish the resulting trust upon which they rely to defeat the plaintiff's right to a decree.

The cases uniformly hold that, to establish a resulting trust by parol proof, the facts and circumstances out of which it arises must be proved with great clearness and certainty. Or, as has been repeatedly declared by this court, " where the trust does not arise upon the face of the deed, but is raised upon the payment of the purchase money, which creates a trust which is to override the deed, the proof must be very clear, and mere parol evidence ought to be received with great caution." *Bank of United States* v. *Carrington,* 7 Leigh, 566 ; *Miller* v. *Blose,* 30 Gratt. 744; *Sinclair* v. *Sinclair,* 79 Va. 40, and cases cited.

The defendants in their proofs have not fulfilled the requirements of this rule. To maintain the issue on their part, they examined, amongst other witnesses, John Koontz, the vendor of the land, Matilda Koontz, his wife, David Sibert, a son of John Sibert, and a step-son of the plaintiff, and Mrs. Kennie Sibert. These witnesses, since the year 1869, residents of Missouri, formerly resided in or near the village of Bridgewater.

The first testifies that he knows nothing whatever of the note in question. He also testifies that the Browns paid the balance of the purchase money due by him to Sibert, the payments which they assumed, and says it was paid "in money and good due paper." But which "paper" he does not say; and for aught he does say, it may have been the bond of the Browns, in lieu of which the note in question was given.

The testimony of Mrs. Koontz is to the same effect.

The witness, David Sibert, who, like his sister, Mr. Koontz, shows in his deposition no partiality for his step-mother, the plaintiff, testifies that, according to the best of his recollection, Koontz himself paid in full the balance of purchase money due by him to John Sibert sometime after he sold the land in 1862. But such was not the fact, as is shown by the evidence on both sides.

Mrs. Kennie Sibert, wife of David Sibert, testifies that on one occasion, in the fall of 1867, a few months prior to his death, she heard John Sibert remark that "he had received his last payment on the farm"; which may have been true. For the debt assumed by the Browns amounted to about $3,700, and the note afterwards given by them for the balance due at that time—to wit, $3,390.37—was made payable to the plaintiff. So that, waiving any objection to the evidence on the ground that it is hearsay, the remark is not inconsistent with the plaintiff's pretensions.

The defendant, Mary A. Brown, now Mrs. Woodward, the female appellant, was examined as a witness, and she testifies in general terms that the land was paid for with assets of her father's estate. But the main ground upon which her statement is founded, as given by her, is, that her brother, Bernard S. Brown, said on his death-bed the land was paid for. The remark, however, was not made in the presence of the plaintiff, and is not evidence against her, and if it were, it would fall far short of proving with the requisite certainty that the land

was paid for with assets of the estate, notwithstanding the proof is that, independent of their respective interests in the estate, neither Bernard S. nor Mary B. Brown had any means of their own whatever; for *non constat*, if the land was paid for, the money paid was not derived from another source. The fact is, the witness, at the time of the transaction, was an infant of tender years, and has no personal knowledge on the subject.

There is other evidence in the case, but it is unnecessary to review it, as it does not at all affect the result.

The charge made in the cross-bill that the consideration for the note was a debt due by Phares to Sibert, payment of which had been assumed by Bernard S. Brown, is denied by the plaintiff in her answer to the cross-bill, and is not supported by satisfactory evidence.

Nor is the plaintiff's right to subject the land affected by the commissioner's deed conveying it to Mary A. Brown, under a decree in the suit of Brown against Brown's administratrix *et als*. The object of that suit was a settlement and partition of the estate of Allen W. Brown, deceased, to which, it is true, all creditors of the estate had a right to become parties. But the plaintiff in the present suit was not a creditor of Allen W. Brown's estate, nor was she a party to that suit, and the decree under which the deed was made was rendered during the pendency of the present suit, and long after the plaintiff in that suit—to wit, the said Mary A. Brown—had been made a defendant in this. So that it is clear the latter took the land subject to the result of the present suit, in which the question as to the interest of her mother, Mrs. Mary B. Brown, in the land was directly involved.

This sufficiently disposes of the case, and renders it unnecessary to consider other questions discussed by counsel. The decree of the circuit court must, therefore, be affirmed.

DECREE AFFIRMED.